## Barnes *v.* New Orleans Canal and Banking Co.

There is no law nor usage, nor is there any obligation in its charter, making it obligatory on the New Orleans Canal and Banking Co. to keep a railing along the margin of the canal.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Ogden & Leovy*, for plaintiff. *E. A. Bradford* and *Randell Hunt*, for defendant.

CAMPBELL, J. We are unable to concur in the conclusion to which the Judge of the District Court arrived. It is not pretended that the road is not of the width, or that it is not built of the materials and in the manner prescribed by the charter.

The charter provides that the company "shall lay out a road not less than twenty-five feet wide along the whole line of the canal, and cover the same with sand, shells, or other hard substance, so that it may at all times be suitable for carriages to travel thereon." That these provisions have been faithfully complied with with, is not denied, nor is it pretended that the road was not kept in perfect order.

It is true, the witnesses generally concur in the opinion, that a railing along the margin of the canal in its whole length, is essential to the safety of persons driving over the road; and it may be conceded that, if such a railing had been erected, the accident from which the loss complained of in this case resulted, would not have happened. It is in proof that on the old shell road, which is built on the margin of the Bayou St. John, there never was such a railing, and it is notorious that this precaution is no where resorted to in building roads along the banks of our rivers or other streams.

We know no law or usage making it obligatory on the company to erect such a railing; and though its construction might have rendered the road safer, and prevented the loss complained of, yet it was not the duty of the company to erect it either under the general law, usage or their charter, they ought not to be held liable.

If in driving through the city or along the margin of one of our bayous, the horse should take fright and be killed from dashing himself against a lamp post or wall, or should leap into the stream and be drowned, it would hardly be pretended that the city in the one case, or the parish in the other, would be liable for the loss. The obligation of a private corporation in this behalf, is no greater than that of a public or political corporation, except in so far as those obligations may have been imposed by the act of incorporation, and it has been seen that nothing in defendant's charter makes it their duty to build a railing to prevent horses traveling the road from jumping into the canal.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and that there be judgment in favor of the defendants with costs in both courts.